UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

AMY JO BROWN,                                   Case No. 15-cv-1250-pp

           Plaintiff,

v.

RESIDENTIAL CREDIT SOLUTIONS, INC.,

           Defendant.

---

**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION (DKT. NO. 24)**

---

       On May 24, 2016, the court entered an order granting in part motions to dismiss filed by Bank of America and Residential Credit Solutions ("RCS"). Dkt. No. 23. In that order, the court dismissed the plaintiff's claim for wrongful foreclosure and quiet title against Bank of America and RCS. Id. at 22-23. The court based its decision on the Rooker-Feldman doctrine, which prohibits a federal court from exercising the equivalent of appellate review over a final state court judgment. Id. at 11-13. The only claim left remaining in this case is the plaintiff's claim against Bank of America for violations of the Truth In Lending Act. Id. at 22.

       Later that day, the plaintiff filed the instant motion for preliminary injunction. Dkt. No. 24. She asserted in the motion that the date scheduled for the foreclosure sale of her home was May 25, 2015[1]—the following day. Id. at 2. She asked the court to issue an order vacating the May 25, 2016 sheriff's

---

[1] The court believes that the plaintiff meant to list the date of the sale as May 25, **2016**, not May 25, 2015.

1

sale, based on her arguments that Bank of America was not the servicer of the loan on the property, and therefore had no standing to seek foreclosure. Id. at 5-7.

> A party seeking preliminary injunctive relief must
>
> demonstrate that (1) the moving party has a reasonable likelihood of success on the merits; (2) no adequate remedy at law exists; (3) the moving party will suffer irreparable harm without injunctive relief; (4) the irreparable harm suffered without injunctive relief outweighs the irreparable harm the defendant will suffer if the injunction is granted; and (5) the injunction will not harm the public interest.

Rust Environment & Infrastructure, Inc. v. Teunissen, 131 F.3d 1210, 1213 (7th Cir. 1997). (Citations omitted.) The plaintiff must prove each of these elements in order to obtain preliminary injunctive relief. Id. (Citations omitted.)

In this case, the plaintiff has not met any of the five elements. Not only can she not prove that she has a reasonable likelihood of success on the merits of her case, but the court already has ruled against her (albeit on the same day she filed the motion for preliminary injunction). She already has taken advantage of the remedies at law available to her, by contesting the foreclosure case in state court. Interestingly, regarding irreparable harm, she does not argue that she will lose her home even though she has made her payments. Rather, the plaintiff argues that the party seeking foreclosure—Bank of America—isn't the proper party to bring the foreclosure action. This does not constitute irreparable harm. Because she has not demonstrated irreparable harm, the plaintiff cannot show that her irreparable harm if she doesn't receive injunctive relief outweighs the defendant's irreparable harm if she does.

2

Finally, granting injunctive relief in this situation—one in which a state court has finally and definitively ruled on the issues in this case—would harm the public interest, by allowing (in violation of established case law) a federal court to overturn a final state-court judgment.

The court **DENIES** the plaintiff's motion for a preliminary injunction. Dkt. No. 24.

Dated in Milwaukee, Wisconsin this 26th day of May, 2016.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge

3

Case 2:15-cv-01250-PP   Filed 05/26/16   Page 3 of 3   Document 26